Royal DL Bond, Esq. SBN:346254
**BOND LAW LEGAL GROUP**
30141 Antelope Rd D228
Menifee, CA 92584
1(844) 476-9254| 1(844) 464-0904
royal@bondlawlegal.com

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHAN FOWLER, an Individual and as a Successor in Interest to Darrell Fowler; THE ESTATE OF DARRELL FOWLER; LONNIE HARRIS, an individual; DOES 1-10, <br><br> Plaintiffs, <br><br><br> vs. <br><br><br> THE COUNTY OF SAN BERNADINO; THE CITY OF SAN BERNARDINO; and DOES 1-10, Inclusive, <br><br><br> Defendant(s). | **CASE NO:** <br><br> **VERIFIED CIVIL COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES** <br><br> 1. **UNREASONABLE SEARCH AND SEIZURE – DETENTION AND ARREST 42 U.S.C. § 1983;** <br> 2. **EXCESSIVE FORCE – 42 U.S.C. § 1983;** <br> 3. **SUBSTANTIVE DUE PROCESS – 42 U.S.C. § 1983;** <br> 4. **INTERFERENCE WITH FAMILIAL RELATIONSHIP – 42 U.S.C. § 1983;** <br> 5. **MUNICIPAL LIABILITY for UNCONSTITUTIONAL CUSTOM OR POLICY – 42 U.S.C. § 1983;** <br> 6. **VIOLATION OF CIVIL CODE § 51, THE UNRUH CIVIL RIGHTS ACT;** <br> 7. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** <br> 8. **FALSE ARREST – WRONGFUL DEATH;** <br> 9. **BATTERY – CAL. GOVT. CODE § 820 – WRONGFUL DEATH;** <br> 10. **NEGLIGENCE – CAL. GOVT. CODE § 820 – WRONGFUL DEATH.** <br><br> **JURY TRIAL DEMANDED** |

**COMES NOW PLAINTIFFS** JOHNATHAN FOWLER, an Individual and as a Successor in interest to Darrell Fowler; THE ESTATE OF DARRELL FOWLER; LONNIE HARRIS, an Individual; and DOES 1-10, inclusive, by and through their attorney, Royal DL Bond, Esq., and for their complaint against the above-named DEFENDANTS, allege as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the unlawful traffic stop and subsequent fatal police shooting of the DECEDENT, Darrell Fowler.

## JURISDICTION AND VENUE

2. This civil action is brought for the redress of deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution and State law. Jurisdiction is founded on 28 U.S.C. §§1331, 1343, and 1367.

3. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of San Bernardino, California.

///

///

///

### PARTIES

4.  At all relevant times herein, JOHNATHAN FOWLER ("FOWLER") was an individual residing in the city of San Bernadino, County of San Bernardino, California and is the surviving biological son of DECEDENT. JOHNATHAN FOWLER sues in his individual capacity as the surviving biological son of DECEDENT and as a Successor in Interest to Darrell Fowler.

5.  At all times relevant herein, THE ESTATE OF DARRELL FOWLER ("DECEDENT") was an individual residing in the City of San Bernardino, County of San Bernardino, California.

6.  At all times mentioned herein, LONNIE HARRIS ("HARRIS") was an individual residing in San Bernardino, County of San Bernardino, California and is the cousin and Brother-in-law of DECEDENT. LONNIE HARRIS seeks damages under federal and state law, as well as attorneys' fees. LONNIE HARRIS sues in his individual capacity.

7.  At all relevant times herein, Defendant THE COUNTY OF SAN BERNADINO ("COUNTY") and the CITY OF SAN BERNARDINO ("CITY") are incorporated public entities duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY and CITY has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the San Bernardino Police Department and its tactics, methods, practices, customs and usage. At all relevant times, COUNTY AND CITY was the employer of Defendants DOES 1-10 who were CITY police officers, managerial, supervisorial, and policymaking employees of COUNTY and CITY police department. On information and belief, at all relevant times, Defendants DOES 1 - 10 were residents of the County of San Bernardino, California. Defendant DOES 1-10 are sued in their individual and official capacity.

8.  At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of COUNTY and CITY, who were acting under color of law within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, Defendant COUNTY and CITY.

9.  At all relevant times, Defendants DOES 1-10 were duly appointed deputies/officers and/or employees or agents of COUNTY and CITY, subject to oversight and supervision by COUNTY and CITY's elected and non-elected officials.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of COUNTY and CITY.

11. At all times mentioned herein, each and every COUNTY and CITY defendant was the agent of each and every other COUNTY and CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every COUNTY and CITY defendant.

12. At all relevant times, Defendants DOES 1-10 were working for both Defendants COUNTY and CITY as police officers and sheriff's deputies.

13. Plaintiff(s) are unaware of the true names and capacities of those Defendants named herein as DOES 1-10 Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiffs. Plaintiffs are informed and believes, and thereon alleges that these DOES 1-10 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless,

deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

14. Plaintiff filed comprehensive and timely claims for damages with CITY pursuant to applicable sections in the California Government Code and California Civil Code.

15. Plaintiff filed comprehensive and timely claims for damages with COUNTY pursuant to applicable sections in the California Government Code and California Civil Code.

## FACTS COMMON TO ALL CAUSES OF ACTION

16. Plaintiffs repeat and reallege each and every allegation in paragraphs 1-16 of this Complaint with the same force and effect as is fully set forth herein.

17. Upon information and belief, DECEDENT'S family had been the target of repeated police harassment and profiling.

18. On November 10, 2023, between the hours of 8 – 10 PM, DECEDENT and Catalina arrived at the house of a friend named Robert. At that time, there were multiple individuals living in that house.

19. HARRIS asked DECEDENT for a ride to which DECEDENT agreed to take him home.

20. DECEDENT, Catalina, and HARRIS entered their vehicle, a nice BMW driven by DECEDENT. HARRIS entered the front passenger seat while Catalina entered the back seat.

21. At all times mentioned herein this Complaint, HARRIS had no knowledge, reason to believe, or information that DECEDENT was in possession of a firearm. To date, HARRIS has not and/or did not see a firearm or the firearm alleged to have been in DECEDENT'S possession when he was shot to death on November 10, 2023.

22. After leaving the house of Robert, DECEDENT, HARRIS, and Catalina were secured in their vehicle with DECEDENT driving, making a left turn onto Mount Vernon and 16th Streets. DEFENDANTS, occupying two patrol vehicles were in motion passing PLAINTIFF'S vehicle on the left side.

23. As soon as DECEDENT made the left turn, one of the two patrol vehicles shined a bright white (fog) light into the PLAINTIFFS' vehicle.

24. DEFENDANTS with no probable and/or reasonable cause to do so, made a U-Turn, got behind the vehicle PLAINTIFFS were in, and turned on their patrol lights signaling the vehicle to pull over; a deliberate, calculated, and malicious act that led to the death of DECEDENT. But for this illegal traffic stop of this African American male, he would not have been killed that night.

25. On November 10, 2023, at approximately 10:30 PM PT, DECEDENT was pulled over in his vehicle in the area of 16th Street and Mount Vernon located in San Bernardino, California. Upon information and belief, DECEDENT had not committed any crimes(s). Defendants DOES 1-10 who were COUNTY employees and CITY police officers, individually and as peace officers, had neither reasonable suspicion to stop or detain DECEDENT nor probable cause to search his vehicle.

26. DECEDENT, with clear intentions of obeying authorities and following instructions, immediately pulled over his vehicle and complied with the illegal traffic stop. At no time before, during or after the stop were any of the PLAINTIFFS, namely FOWLER, HARRIS, and Catalina, hostile, aggressive, confrontational, belligerent, or anything of such nature.

27. DOES 1-10, individually and as peace officers, conspired to pull DECEDENT over to engage in or participate in this illegal stop.

28. DEFENDANTS did not properly address DECEDENT and explain to him why he was being pulled over. Upon approaching DECEDENT, DECEDENT took initiative to ask defendant DOE 1, why did they pull him over. DOE 1 pretextually told DECEDENT that it was either one of the lights on the vehicle or an issue with the tint.

29. DECEDENT exercising his constitutional right to freedom of speech, then tells DEFENDANTS that he feels like he's being profiled! Ironically, at no time during this interaction did DEFENDANTS' body worn cameras pick up this exchange between DECEDENT and DEFENDANTS.

30. Defendant DOE 1 ask for DECEDENT'S name to which he gives him his name. At this point during the exchange, the visual part of DEFENDANTS' body worn cameras become clear with the subsequent events even though the audio cannot be heard.

32. Doe 1 tells DECEDENT, "I know who the fuck you are. Get the fuck out the car!" DOE 1 becomes angry, aggressive, confrontational, and escalates the situation. DOE 1 can be seen on video aggressively yanking DECEDENT'S door open. DECEDENT tells DOE 1 that there is an issue with his seat belt and that he cannot release it.

33. At this point during the interaction, spanning from the initial stop, DEFENDANTS are

still showing signs of aggression, being confrontational, and are escalating the situation.

34. DOE 1, individually and as a peace officer, can visibly be seen physically reaching his hand into the vehicle to force DECEDENT'S seat belt off, thus depriving DECEDENT of the opportunity to attempt to release the seatbelt himself. PLAINTIFFS did not feel free to leave and in fact were under the belief that they were being detained. Prior to the time in which Defendant DOE 1, individually and as a peace officer, reached inside the vehicle and across DECEDENT, DECEDENT made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that the DECEDENT had the will or ability to inflict substantial bodily harm, injury, or death to or against any individual or officer.

35. On information and belief, Defendants DOES 1-10, individually and as peace officers had no information that DECEDENT had committed any crimes prior to being pulled over.

36. After defendant DOE 1 had his hands across DECEDENT'S body and is positioned inside the vehicle with his feet and legs positioned on the ground outside the car, DOE 2 yells, "gun, gun, gun!" Video footage then shows the moment DOE 2 begins firing.

37. At the moment DOE 2 begins firing his weapon, DECEDENT does not possess anything in either of his hands. This act of not possessing anything at the moment DOE 2 fires his weapon, was an act of de-escalation by DECEDENT, and only by DECEDENT, and a clear showing that his intentions were never to hurt anyone. In fact, DECEDENT drops whatever object was in his hand, never points it at DEFENDANTS, and does not exhibit a weapon in a threatening or menacing manner.

38. DEFENDANTS' belief in the reasonableness to use or assert force when shooting DECEDENT was wholly misplaced and unjustified. At the moment the first shot was fired, there was no weapon whatsoever in DECEDENT'S hand.

39. Multiple shots can be heard despite the fact that there was no visible threat and after DECEDENT was totally defenseless.

40. This reckless firing into the vehicle placed PLAINTIFFS in the direct line of fire. Defendant DOE 1 lacked disregard for the safety of Catalina and HARRIS when he repeatedly fired into the vehicle killing DECEDENT.

41. Once HARRIS heard the initial "gun", he began immediately to crawl out of the window toward safety as he knew what would follow and what DEFEDANTS' intentions were.

42. After crawling out of the window of the vehicle, HARRIS recalls a defendant DOE saying, "that's enough; stop shooting!"

43. Defendants DOES 1-10, individually and as peace officers, while acting in the course and scope of their employment with COUNTY and CITY, recklessly and maliciously assessed the circumstances presented to them and violently and aggressively confronted DECEDENT without having probable cause to believe that DECEDENT had committed any crimes or would commit any crimes in the future.

44. After DECEDENT was shot multiple times and killed, HARRIS was instructed to *crawl* toward officers. He was then subsequently placed into handcuffs, placed in the backseat of the police car, and taken to the police station.

45. Out of fear because of the murder which he had just witnessed, when he was asked about the shooting, HARRIS told the investigator that he didn't see anything. Officers insisted on dropping him off at home.

46. HARRIS believed that, at this point, DEFENDANTS were untouchable. He refused a ride home by Officers so as to avoid being taken to somewhere other than a safe location.

47. HARRIS was eventually taken home and dropped off.

48. At no time during the course of these events did DECEDENT pose any reasonable threat of violence to the DEFENDANT deputies, nor did he do anything to justify the use of deadly, excessive, unreasonable and unnecessary force against him, by DEFENDANT deputies.

49. To date, HARRIS is "shook up", has had recurring dreams regarding the murder of DECEDENT, and gets nervous when he sees police. He puts his head down when he sees police despite never doing this prior to the night of the shooting.

50. JOHNATHAN FOWLER was dependent on DECEDENT as well as financially dependent.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Unreasonable Search and Seizure – Detention and Arrest 42 U.S.C. § 1983

### (All PLAINTIFFS against all named DEFENDANTS and DOES 1-10, Inclusive)

51. PLAINTIFFS repeat and reallege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

52. Defendants DOES 1-10, individually and as peace officers caused PLAINTIFFS to be detained and arrested in violation of their right to be secure in their person against unreasonable search and seizures as guaranteed to PLAINTIFFS under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

53. As a result of the conduct of Defendants DOES 1-10, individually and as peace officers, they are liable for PLAINTIFF'S injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent violations.

54. The PLAINTIFFS were detained without reasonable suspicion and arrested without probable cause.

55. The conduct of Defendants DOES 1-10, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFFS and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOES.

56. PLAINTIFF'S DECEDENT'S ESTATE, JOHNATHAN FOWLER, CATALINA, and HARRIS seek damages in the amount of $30,000,000.00

57. PLAINTIFFS also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

**SECOND CAUSE OF ACTION**

**Excessive Force 42 U.S.C. § 1983**

**(All PLAINTIFFS against all named DEFENDANTS and DOES 1-10, Inclusive)**

58. PLAINTIFFS repeat and reallege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

59. Defendants DOES 1-10, individually and as peace officers, unjustified shooting deprived PLAINTIFFS of their right to be secure in their persons against unreasonable searches and seizures as guaranteed to PLAINTIFFS under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

60. The unreasonable use of force by Defendants DOES 1-10, individually and as peace officers, deprived the DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

61. As a result, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity for which JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER is entitled to recover damages. JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER has also been deprived of life-long companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits, and loss of financial support.

62. As a result of the conduct of Defendants DOES 1-10, individually and as peace officers, they are liable for PLAINTIFFS' injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

63. This use of deadly force was excessive and unreasonable under the circumstances. Defendant DOES 1-10 actions, individually and as peace officers, thus deprived PLAINTIFFS of their right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

64. The conduct of Defendants DOES 1-10, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFFS and therefore warrants the imposition of exemplary and punitive damages as to DOES.

65. PLAINTIFFS seeks damages in the amount of $30,000,000.00

66. PLAINTIFFS also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION

### Substantive Due Process – 42 U.S.C. § 1983

### (Plaintiffs JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER against all DEFENDANTS and DOES 1-10, Inclusive)

67. PLAINTIFFS repeat and reallege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

68. PLAINTIFFS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from State actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with DECEDENT.

69. DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

70. As a result of the continuous shooting, DOES 1-10, individually and as a peace officers, DECEDENT died. JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER was thereby deprived of their constitutional right of familial relationship with DECEDENT.

71. The aforementioned actions of Defendants DOES 1-10, individually and as peace officers along with other undiscovered conduct, shook the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT, JOHNATHAN FOWLER, AND THE ESTATE OF DARRELL FOWLER and with purpose to harm unrelated to any legitimate law enforcement objective.

72.  As a direct and proximate cause of the acts of the Defendants DOES 1-10, individually and as peace officers, DECEDENT experienced severe pain and suffering and lost his life and earning capacity for which JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER is entitled to recover damages. PLAINTIFFS have also been deprived of their life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. PLAINTIFFS are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

73.  The conduct of Defendants DOES 1-10, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10, individually and as peace officers.

74. The JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER seeks damages in the amount of $30,000,000.00 and $50,000,000.00 in punitive damages.

75. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

///

///

///

**FOURTH CAUSE OF ACTION**

**Interference with Familial Relationship – 42 U.S.C. § 1983**

**(Plaintiffs JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER against all DEFENDANTS and DOES 1-10, Inclusive)**

76.  Plaintiffs repeat and reallege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

77. Plaintiffs JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER had a cognizable interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial relationship with their father, DECEDENT.

78.  As a result of the excessive force by Defendants DOES 1-10, individually and as peace officers, and the failure of Defendants DOES 1-10 to intervene, DECEDENT died. Plaintiffs JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER were thereby deprived of their constitutional right and familial relationship with DECEDENT.

79. Defendants DOES 1-10, individually and as peace officers, acting under color of state law, thus violated the Fourteenth Amendment rights of JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER to be free from unwarranted interference with their familial relationship with DECEDENT.

80.  The aforementioned actions of Defendants 1-10, individually and as peace officers, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs JOHNATHAN FOWLER

and THE ESTATE OF DARRELL FOWLER and with purpose to harm unrelated to any legitimate law enforcement objective.

81. As a direct and proximate cause of the acts of Defendants DOES 1-10, individually and as peace officers, Plaintiffs have also been deprived of the life-long comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

82. The conduct of Defendants DOES 1-10, individually and as peace officers was malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and PLAINTIFFS, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10.

83. JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER seeks wrongful death damages under this claim.

**FIFTH CAUSE OF ACTION**

**Municipal Liability for Unconstitutional Custom or Policy – 42 U.S.C. § 1983**

**(All PLAINTIFFS against all DEFENDANTS CITY and COUNTY, Inclusive)**

84. PLAINTIFFS repeat and reallege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

85. On information and belief Defendants DOES 1-10, individually and as peace officers who performed an unreasonable traffic stop and shot DECEDENT to death, was ratified by COUNTY and CITY's police department supervisorial officers.

86. On information and belief, DOES 1-10, individually and as peace officers were not disciplined for the unlawful traffic stop or shooting DECEDENT to death.

87. On and for some time prior to November 10, 2023, (and continuing to the present day) Defendants DOES 1-10, individually and as peace officers, deprived PLAINTIFFS and DECEDENT of the rights and liberties secured to them by the Fourteenth Amendment to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of PLAINTIFFS and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a. Employing and retaining police officers and other personnel, including Defendants DOES 1-10 officers, who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written COUNTY policies and CITY Police Department policies, including the use of excessive and deadly force;

b. Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY and CITY Police officers, and other personnel, including Defendants DOES 1-10 who COUNTY and CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity

c. By maintaining grossly inadequate procedures for reporting, supervising,

investigating, reviewing, disciplining and controlling the intentional misconduct by

Defendants DOES 1-10, who are police officers of COUNTY and CITY;

d.  By failing to discipline COUNTY and CITY Police Officers' conduct, including but

not limited to, unlawful detention and excessive and deadly force;

e.  By ratifying the intentional misconduct of Defendants DOES 1-10, individually and as

peace officers; and other officers, who are officers of COUNTY and

 CITY;

f.  By having and maintaining an unconstitutional policy, custom and practice of

detaining and arresting individuals without probable cause or reasonable suspicion, and

using excessive force, including deadly force, which also is demonstrated by inadequate

training regarding these subjects. The policies, customs and practices of Defendants

DOES 1-10, individually and as peace officers were done with a deliberate indifference

to individuals' safety and rights; and

g.  By failing to properly investigate claims of unlawful traffic stops and detention and

excessive force by COUNTY and CITY Police Officers.

88. By reason of the aforementioned policies and practices of Defendants DOES 1-10

individually and as peace officers, DECEDENT was severely injured and subjected to pain and

suffering and lost his life and earning capacity for which JOHNATHAN FOWLER and THE

ESTATE OF DARRELL FOWLER is entitled to recover damages.

89. Defendant DOES 1-10, individually and as peace officers together with various other

officials, whether named or unnamed, had either actual or constructive knowledge of the

deficient policies, practices and customs alleged in the paragraphs above. Despite having

knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, PLAINTIFFS, and other individuals similarly situated.

90. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 1-10, individually and as peace officers, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECENDENT's and JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER'S constitutional rights. Defendant DOES 1-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

91. Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants DOES 1-10, individually and as peace officers were affirmatively linked to and were significantly influential force behind the injuries of DECEDENT, JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER.

92. By reason of the aforementioned acts and omissions of Defendant DOES 1-10, individually and as peace officers, JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER were caused to incur funeral and related burial expenses, loss of gifts and benefits and loss of financial support.

93. By reason of the aforementioned acts and omissions of Defendant DOES 1-10, individually and as peace officers, JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER have suffered loss of love, companionship, affection, comfort, care, society, and future support.

94. Accordingly, Defendants COUNTY OF SAN BERNARDINO, CITY OF SAN BERNARDINO, and DOES 1-10, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

95. PLAINTIFFS seek wrongful death damages under this claim in the amount of $30,000,000.00.

96. PLAINTIFFS also seek attorney fees under this claim.

## STATE LAW CLAIMS

## SIXTH CAUSE OF ACTION

### Violation Of Civil Code § 51, The Unruh Civil Rights Act

### (All PLAINTIFFS against all DEFENDANTS and DOES 1-10, Inclusive)

97. PLAINTIFFS repeat and reallege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

98. California Civil Code § 51 states, in pertinent part:

a. "…(b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

99. To prove a violation of the Unruh Civil Rights Act in California, a Plaintiff must

establish the following elements:

   a. That the Plaintiff is a member of a protected class under the Unruh Act.

     Protected classes may include, but are not limited to, race, gender, sexual

     orientation, religion, age, and disability;

   b. that you were treated differently or unfairly based on your protected

     characteristics;

   c. that there is a connection between the discriminatory act and your protected

     characteristic; and

   d. that you suffered harm or damages as a result of the discriminatory act.

100. In this instance, PLAINTIFFS are African Americans and thus, are members of a protected class of citizens.

101. PLAINTIFFS, African Americans, were treated differently based on their race. They Were unjustly pulled over while driving, with DEFENDANTS having no reasonable or probable cause to do so, leading to the unlawful shooting and eventual death of DECEDENT, suffering damages as a result of this discriminatory treatment.

102. PLAINTIFFS are seeking damages under this claim in the amount of $30,000,000.


**SEVENTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(All PLAINTIFFS against all DEFENDANTS and DOES 1-10, Inclusive)**

103. PLAINTIFFS repeat and reallege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

104. The conduct of DEFENDANTS, and each of them, in illegally pulling over and stopping PLAINTIFFS, shooting, and eventually killing DECDENT was outrageous for reasons alleged above.

105. The conduct of DEFENDANTS, and each of them, was intended to cause PLAINTIFFS emotional distress, and/or DEFENDANTS, and each of them, acted with reckless disregard of the probability that PLAINTIFFS would suffer emotional distress.

106. The conduct of DEFENDANTS, and each of them, was a substantial factor in causing PLAINTIFFS to suffer severe emotional distress, and other injury, damage, loss, or harm.

107. As a legal result of the above-described conduct of the DEFENDANTS, and each of them, PLAINTIFFS have sustained and will continue to sustain severe physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, mental suffering, shock, humiliation and indignity, damages to good name, standing in the community, loss of and/or damage to reputation, as well as other unpleasant physical, mental, and emotional reactions, and other non-economic damages.

108. As a further legal result of the above-described conduct of DEFENDANTS, and each of them, PLAINTIFFS may be required, to engage the services of health care providers, and incurred expenses for medicines, health care appliances, modalities, and/or other related expenses in a sum to be ascertained according to proof.

109. As a further legal result of the above-described conduct of DEFENDANTS, and

each of them, PLAINTIFFS are and/or may in the future be hindered, prevented, and/or precluded from performing PLAINTIFFS' usual activities, work, education, and occupation, causing PLAINTIFFS to sustain damages for loss of income, wages, earning, and earning capacity, and other economic damages, in an amount to be ascertained according to proof.

110. As a further legal result of the above-described conduct of DEFENDANTS, and each of them, PLAINTIFFS suffered incidental, consequential, and/or special damages, in an amount according to proof.

111. The aforesaid acts directed towards PLAINTIFFS were carried out by the DEFENDANTS, and each of them, with a conscience disregard of PLAINTIFFS' rights and with the intent to vex, injure, and annoy PLAINTIFFS, such as to constitute oppression, fraud or malice pursuant to Cal. Civ. Code § 3294, entitling PLAINTIFFS to punitive damages in the amount of $50,000,000 which is an amount appropriate to punish and set an example of DEFENDANTS, and each of them, and to deter DEFENDANTS, and each of them, from engaging in such conduct in the future.

### EIGHTH CAUSE OF ACTION

### False Arrest – Wrongful Death

### (All PLAINTIFFS against all DEFENDANTS and DOES 1-10, Inclusive)

112. PLAINTIFFS repeat and reallege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

113. Defendants DOES 1-10, individually and as peace officers, Police Officers for

COUNTY and CITY, and acting within the scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, including deadly force, threats of force, menace, fraud, deceit and unreasonable duress. Defendants DOES 1-10, individually and as peace officers also detained DECEDENT, CATALINA, and HARRIS. Said detention was made without reasonable suspicion. There was an attempt to arrest DECEDENT, CATALINA, and HARRIS. Said arrest was attempted without probable cause.

114. DECEDENT, CATALINA or HARRIS did not knowingly or voluntarily consent.

115. The conduct of Defendants DOES 1-10, individually and as peace officers was a substantial factor in causing the harm to DECEDENT, CATALINA, and HARRIS.

116. COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DOES 1-10, individually and as peace officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

117. The conduct of Defendant DOES 1-10, individually and as peace officers, was malicious, wanton, oppressive, and accomplished with a conscience disregard for the rights of DECEDENT, CATALINA and HARRIS entitling PLAINTIFFS to an award of exemplary and punitive damages.

118. JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER was dependent on the DECEDENT, including financially dependent.

119. PLAINTIFFS are seeking wrongful death damages under this claim in the amount of $30,000,000.00.

**NINTH CAUSE OF ACTION**

**Battery – Cal. Govt. Code § 820 – Wrongful Death**

**(Plaintiffs JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER against**

**all Defendants and DOES 1-10, Inclusive)**

120. PLAINTIFFS repeat and reallege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

121. Defendants DOES 1-10, individually and as peace officers while working as officers for the COUNTY and while working as a Police Officer for the CITY Police Department, and acting within the course and scope of their duties, intentionally shot DECEDENT to death. As a result of the actions by the defendants, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity for which JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER is entitled to recover damages. Defendants had no legal justification for using force against DECEDENT, and said defendants' force was unreasonable, especially since DECEDENT did not commit any crime and was unlawfully pulled over.

122. As a direct and proximate result of defendants' conduct as alleged above, PLAINTIFFS suffered extreme and severe mental anguish and pain and have been injured in mind and body. PLAINTIFFS also have been deprived of their life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. PLAINTIFFS also are claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

123. COUNTY and CITY are vicariously liable for the wrongful acts of Defendants

DOES 1-10, individually and as peace officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

124. The conduct of Defendants DOES 1-10, individually and as peace officers, was malicious, wanton, oppressive, and accomplished with a conscience disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

125. JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER was dependent on the DECEDENT, including financially dependent.

126. PLAINTIFFS are seeking wrongful death damages under this claim in the amount of $30,000,000.00.

**TENTH CAUSE OF ACTION**

**Negligence – Cal. Govt. Code § 820 – Wrongful Death**

**(Plaintiffs ESTATE OF DARRELL FOWLER against all Defendants and DOES 1-10, Inclusive)**

127. PLAINTIFFS repeat and reallege each and every allegation in the prior paragraphs of this Complaint with the same force and effect as if fully set forth herein.

128. The actions and inactions of the Defendants DOES 1-10, individually and as peace officers were negligent and reckless, including but not limited to:

    a.   The failure to properly assess the need to detain, arrest, and use force or deadly force against PLAINTIFFS;

b.  The negligent tactics and handling of the situation with PLAINTIFFS, including the opening of DECEDENT'S car door negligence;

c.  The negligent unlawful traffic stop, detention, and use of force, including deadly force, against PLAINTIFFS;

d.  The failure to properly train and supervise employees, both professional and non-professional, including DOES 1-10;

e.  The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of PLAINTIFFS;

f.  The negligent handling of evidence and witnesses.

129. As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity for which JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER is entitled to recover damages. Also as a direct and proximate result of defendants' conduct alleged above, PLAINTIFFS suffered extreme and severe mental anguish and pain and have been injured in mind and body. JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. PLAINTIFFS are also claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

130. COUNTY and CITY are vicariously liable for the wrongful acts of Defendants

DOES 1-10, individually and as peace officers pursuant to section 815.2(a) of the California

Government Code, which provides that a public entity is liable for injuries causes by its

employees within the scope of the employment if the employee's act would subject him or her to

liability.

131. JOHNATHAN FOWLER and THE ESTATE OF DARRELL FOWLER was

dependent on the DECEDENT, including financially dependent.

132. Plaintiffs are seeking wrongful death damages under this claim in the amount of

$30,000,000.00.


### PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFFS pray for judgment against DEFENDANTS for equitable

relief and for the amounts, as follows:

1.  For compensatory damages, including both survival damages and wrongful death

    damages under federal and state law, in the amount of $30,000,000.00 or an amount to be

    proven at trial;

2.  For funeral expenses and loss of financial support;

3.  For punitive damages against the individual defendants in an amount of $50,000,000.00

or an amount to be proven at trial;

4.  For prejudgment interest;

5.  For an award of general and special damages in the amount to be proven at trial;

6.  For reasonable costs of this suit incurred herein;

7.  For reasonable attorney's fees and costs as provided by law;

8.  For such further other relief as the Court may deem just, proper, and appropriate.

PLAINTIFFS hereby **DEMAND A JURY TRIAL**

DATED: November 18, 2024                    Respectively submitted,


**BOND LAW LEGAL GROUP**


By: _____

Royal DL. Bond, Esq.

Attorney for PLAINTIFFS

# DECLARATIONS

### DECLARATION OF JOHNATHAN FOWLER

1.   The decedent's name who is the subject of this action for wrongful death is DARRELL FOWLER.

2.   On November 10, 2023, between the hours of 8 – 10 PM, DECEDENT was driving, pulled over for no valid reason, and eventually shot to death.

3.   No proceeding is now pending in California for administration of the DECEDENT'S estate.

4.   I am the biological son of the DECEDENT and I am the DECEDENT'S successor in Interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the DECEDENT'S interest in the action or proceeding.

5.   LONNIE HARRIS is bringing this claim with me and is the only other persons having the right to commence the action or proceeding.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.


Dated: November 18, 2024                                      __/s/ Johnathan Fowler__
                                                             Johnathan Fowler, Declarant

**DECLARATION OF LONNIE HARRIS**

1.   The decedent's name who is the subject of this action for wrongful death is DARRELL FOWLER.

2.   On November 10, 2023, between the hours of $8-10$ PM, DECEDENT was driving, a vehicle in which I was a passenger, pulled over for no valid reason, and eventually shot to death.

3.   No proceeding is now pending in California for administration of the DECEDENT'S estate.

4.   I am the cousin of the DECEDENT and I am the DECEDENT'S successor in Interest (as defined in Section 377.11 of the California Code of Civil Procedure). JOHNATHAN FOWLER is bringing this claim with me and is the only other persons having the right to commence the action or proceeding.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.


Dated: November 18, 2024                         _____/s/ Lonnie Harris_____
                                                Lonnie Harris, Declarant